UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLENN QUANTZ, | |
|     Plaintiff, | Case No. C04-5737RJB |
| v. | ORDER |
| GARY EDWARDS, NEIL McCLANAHAN, RAY HANSEN, DAN KIMBALL, BRAD WATKINS, PAUL COUNTS, THURSTON COUNTY, WILLIAM "BILL" KENNY, and DEFENDANT DOES 1 through 5, | |
|     Defendants. | |

    This matter comes before the court on defendant William "Bill" Kenny's Motion for Summary Judgment, (Dkt. 31), Glenn Quantz's Motion to Continue the Summary Judgment pursuant to Fed. Rule of Civ. Pro. 56(f) or in the alternative have the Summary Judgment converted into a Motion for Failure to State a Claim, (Dkt. 33) and Kenny's Motion to Strike (Dkt. 38). The court is familiar with the records and files herein and documents filed in support of and in opposition to the motions. Oral argument has been requested, but would not be of help in determining this matter.

## I.   FACTS

    On November 1, 2004, Quantz filed a complaint in this court, making several claims against the above defendants based on their actions during his bid for Thurston County Sheriff. Dkt. 1. In

ORDER - 1

1  2002, Quantz ran against incumbent Sheriff Gary Edwards. *Id.* In part, Quantz alleges in his
2  complaint that:

> 3  Edwards either himself or through directing the acts of other employees, obtained
>    private facts regarding Quantz's background. Under the color of state authority,
> 4  Edwards published or caused to be published the details of these private facts,
>    purposely distorting them. These publications were made without regard as to their
> 5  truth or accuracy.

6  *Id.* at 6. He alleges that a "substantial and motivating factor in defendants conduct towards Quantz
7  was Quantz's decision to run against Edwards." *Id.*

8  In 2002, Kenny was the Labor and Employee Relations Manager for Thurston County. Dkt.
9  32. In 2003, he became the Director of the Human Resources Department. *Id.* Kenny now moves
10 to be summarily dismissed from this action and moves for summary judgment on his frivolous lawsuit
11 counterclaim. Dkt. 31.

12 MOTION FOR SUMMARY JUDGMENT

13 Kenny argues that (A) the allegations of the complaint are insufficient as to him (B) he is
14 entitled to qualified immunity, ©) Quantz has no remedy under the Washington Constitution, and (D)
15 summary judgment on his counterclaim is warranted. Dkt. 31. Kenny submits his declaration and
16 exhibits in support of his motion. Dkt. 32.

17 Quantz responds by moving for a Rule 56(f) continuance. Dkt. 33. Quantz argues that the
18 parties have not begun discovery, and are meeting on May 26, 2005 to agree on a discovery and
19 briefing plan. *Id.* Quantz further argues that even if no continuance is granted, Kenny's motion is
20 better viewed as a motion for failure to state a claim upon which relief can be granted pursuant to
21 Rule 12 (b)(6). *Id.* at 3. Quantz alleges, in his Response, that Kenny provided copies of his
22 personnel file in order to assist in discrediting him. *Id.* at 4. Further, that Kenny misrepresented the
23 contents of the file to the Sheriff's Office and/or the media, and did not take any steps to correct the
24 negative public impression that had been created. *Id.* These allegations, according to Quantz,
25 adequately present a claim under 42 U.S.C. § 1983. *Id.* at 5-8.

26

1  In his Reply, Kenny opposes the Rule 56(f) motion and Quantz's characterization of his
2  motion as a Rule 12(b)(6) motion. Dkt. 38. Kenny moves to strike the Declaration of J.D. Smith.
3  *Id.*
4  This opinion will first address Kenny's first argument that complaint fails to allege sufficient
5  factual allegations against him, then Quantz's motion for a Rule 56(f) continuance, and finally
6  Kenny's motion to strike.

## II. DISCUSSION

### A. KENNY'S FIRST ARGUMENT FOR SUMMARY JUDGMENT / RULE 12(b)(6) MOTION

Kenny's first basis for his summary judgment motion is that the factual allegations in the complaint are insufficient as to him. Dkt. 31, at 4. Quantz argues that Kenny's motion for summary judgment is better characterized as a 12(b)(6) motion. Dkt. 33. In his Reply, Kenny disagrees with that assessment, but argues that even under the Rule 12(b)(6) standards, the Complaint is wholly devoid any factual allegations against Kenny for which a claim could be made. Dkt. 38.

Kenney's argument that the factual allegations in the complaint are insufficient is best viewed as a 12(b)(6) motion. A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988). If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be

ORDER - 3

afforded the opportunity to amend the complaint before dismissal. *Keniston* at 1300. If the claim is not based on a proper legal theory, the claim should be dismissed. *Id*.

"To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (*citing Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989) (requiring personal participation in the alleged constitutional violations) and *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980) (holding that section 1983 liability must be based on the personal involvement of the defendant)).

Kenny's concerns about the factual sufficiency of the complaint are well taken. There are no specific allegations regarding his role in this matter. The allegations against Kenny that Quantz makes in his response are not supported by an affidavit of an individual with personal knowledge. Because Kenny's first basis for challenge to the complaint is that it fails to allege sufficient facts, Quantz should be afforded the opportunity to amend the complaint before dismissal. *See Keniston* at 1300. Quantz should be given 14 days from the date of this order to amend his complaint.

**B.     RULE 56 (f) CONTINUANCE**

Rule 56(f) provides,

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Quantz provides the declaration of his attorney who states that the factual assertions in the response are true to his knowledge. The response indicates that the parties have not had sufficient time for discovery, but that they are meeting on May 26, 2005 to agree on a discovery and briefing plan. Dkt. 33, at 2. Moreover, the response lays out specific allegations against Kenny. *Id.* at 4. His motion under Rule 56 (f) is adequately supported. Quantz should be entitled to discovery

ORDER - 4

regarding these allegations before addressing a motion for summary judgment. Kenny's concern that Quantz's Rule 56 (f) motion is untimely under the local rules is now moot. The motion was filed on May 16, 2005 and the required seven days have lapsed.

Although the court is mindful of the necessity of keeping this matter on track, this summary judgment motion appears premature. The summary judgment motion should be dismissed without prejudice.

### C. MOTION TO STRIKE

Kenny moves to strike the Declaration of J.D. Smith, Quantz's attorney, on the basis that Smith has no personal knowledge regarding the facts in the response. Dkt. 38. This argument is moot as to the Motion for Summary Judgment. However, as to Quantz's specific allegations against Kenny, Kenny is correct. J.D. Smith, Quantz's attorney, failed to establish he has personal knowledge of those facts as required by Fed. Rule of Civ. Pro. 56(e). The Declaration of J.D. Smith should not, however, be stricken as to his knowledge regarding the stage of the litigation and the Rule 56(f) Motion.

### III. ORDER

Therefore, it is hereby,

**ORDERED** that:

A) Kenny's Motion for Summary Judgment, insofar as it is re-characterized in part as a 12(b)(6) motion, (Dkt. 31) is **GRANTED IN PART**, provided however, that Quantz may amend his complaint, within 14 days, if he so chooses.

B) The remainder of Kenny's Motion for Summary Judgment (Dkt. 31) is **DENIED WITHOUT PREJUDICE**. Quantz's Rule 56(f) Motion (Dkt. 33) is **GRANTED**.

C) Kenny's Motion to Strike (Dkt.38) is **DENIED**.

1   The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of
2   record and to any party appearing *pro se* at said party's last known address.
3   DATED this 31st day of May, 2005.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge