UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLENN QUANTZ,<br><br>  Plaintiff,<br><br>  v.<br><br>GARY EDWARDS, NEIL McCLANAHAN, RAY HANSEN, DAN KIMBALL, BRAD WATKINS, PAUL COUNTS, THURSTON COUNTY, WILLIAM "BILL" KENNY and DEFENDANT DOES 1 through 5,<br><br>  Defendants. | Case No. C04-5737RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM RULE 30 |

This matter comes before the court on Plaintiff's Motion for Relief from Federal Rule 30(a)(2) (Dkt. 61). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is a case brought against Thurston County, William Kenny, and six other individual defendants (the six defendants). In his amended complaint, Mr. Quantz states claims for violations of his state and federal constitutional rights, wrongful discharge, and defamation. Dkt. 44. Defendant William Kenny counterclaims for violation of 42. U.S.C. § 1983. Dkt. 60.

ORDER

Page - 1

1    The six defendants' initial disclosures list the names of well over twenty people who are likely to have information the defendants may use to support their claims. Dkt. 50. Counsel for the plaintiff requested that counsel for the defendants stipulate to allowing the plaintiff to take more than ten depositions, but the defendant did not agree. The plaintiff therefore moves the court for relief from Federal Rule 30(a)(2)(A), which limits the number of depositions to ten absent leave of the court, so that he may take an additional five depositions.

The court understands that discovery as been a difficult process for these parties, and the motion and response both reflect that. The allegations pertaining to alleged misuse of discovery are irrelevant to this particular motion, but the parties are encouraged to seek guidance from an independent third party to assist them in reaching a mutually beneficial solution. The parties are free to seek such assistance from the court.

## II. DISCUSSION

Federal Rule 30 provides that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2) . . . if, without the written stipulation of the parties, (A) a proposed deposition would result in more than ten depositions being taken under this rule." Fed. R. Civ. Pro. 30(a)(2). Counsel for the plaintiff seeks leave to conduct five depositions in addition to the ten depositions permitted by Federal Rule 30. Counsel for the plaintiff contends that these additional five depositions would be of the six defendants' two expert witnesses and three people identified in the defendants' initial disclosures (Dkt. 50). Counsel for the plaintiff contends that he has been unable to secure a written stipulation from counsel for the defendants and therefore seeks leave from the court. Dkt. 61 at 2.

In their response, the six defendants contend that the plaintiff has failed to make a particularized showing that the additional depositions would be consistent with the principles of Rule 26(b)(2). The response of Thurston County and Mr. Kenny makes a similar contention. Federal Rule 26(b)(2) provides for limiting discovery that would be unreasonably cumulative or duplicative or is available from a more convenient, less burdensome, or less expensive source. It also provides for limiting discovery when the party seeking it has had ample opportunity to obtain

1 the information or when the burden of the proposed discovery outweighs its benefits. The plaintiff
2 contends that if granted leave by the court, two of the additional depositions would be of the
3 defendants' expert witnesses but does not explain how deposing these witnesses would comport
4 with Federal Rule 26(b)(2). The plaintiff contends that the other three additional deponents were
5 disclosed in the defendants' initial disclosure (Dkt. 50). The plaintiff fails to identify who these
6 witnesses are or explain why information he might glean from deposing them is not available from
7 other sources. Finally, the plaintiff has not identified the depositions he wishes to take that would
8 be within the limits of Federal Rule 30(a)(2)(A). Without knowing whom the plaintiff wishes to
9 depose, the court cannot conclude whether depositions in excess of the number permitted by
10 Federal Rule 30(a)(2)(A) would be consistent with Federal Rule 26(b)(2).
11      Having determined that the plaintiffs' showing is inadequate, the court need not address
12 the remaining arguments in the defendants' responses.

### III. ORDER

14      Therefore, it is hereby
15      **ORDERED** that Plaintiff's Motion for Relief from Federal Rule 30(a)(2)(A) (Dkt. 61) is
16 **DENIED** without prejudice.
17      The Clerk is directed to send uncertified copies of this Order to all counsel of record and
18 to any party appearing *pro se* at said party's last known address.
19      DATED this 21st day of October, 2005.

                                              Robert J. Bryan
                                              United States District Judge