UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GLENN QUANTZ,

   Plaintiff,

  v.

GARY EDWARDS, NEIL McCLANAHAN, RAY HANSEN, DAN KIMBALL, BRAD WATKINS, PAUL COUNTS, THURSTON COUNTY, WILLIAM "BILL" KENNY and DEFENDANT DOES 1 through 5,

   Defendants.

Case No. C04-5737RJB

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SUBMIT TO MENTAL EXAMINATION PURSUANT TO FED. R. CIV. P. 35(a)

  This matter comes before the court on Defendants' Motion to Compel Plaintiff to Submit to a Mental Examination Pursuant to Fed. R. Civ. P. 35(a) (Dkt. 64). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

  This is a case brought against Thurston County, William Kenny, and six other individual defendants (the TCSO defendants). In his amended complaint, Mr. Quantz states claims for violations of his state and federal constitutional rights, wrongful discharge, and defamation. Dkt. 44. Defendant William Kenny counterclaims for violation of 42. U.S.C. § 1983. Dkt. 60. Mr. Quantz alleges that he has suffered "anxiety, trauma, stress, emotional distress [and] embarrassment." Dkt. 44 at 6.

ORDER
Page - 1

1    The TCSO defendants have retained Dr. Russell Vandenbelt to provide expert testimony
2  about the plaintiff's alleged emotional distress and request that Mr. Quantz undergo a mental
3  examination by Dr. Vandenbelt. The parties discussed this request in a Local Rule CR 37(a)(2)(A)
4  conference on September 30, 2005. On October 3, 2005, the TCSO defendants received a letter
5  from the plaintiff dated September 30, 2005, in which he agreed to appear for a mental
6  examination pursuant to Federal Rule 35 subject to certain conditions.

7    Counsel for the plaintiff filed a Notice of Absence indicating his absence from the office
8  from September 23 to October 7, and the deadline for discovery motions in this case was October
9  4. Dkt. 46.

10   Counsel for the TCSO defendants filed this motion to compel the plaintiff to submit to a
11 mental examination in order to comply with the deadline for discovery motions but are hopeful
12 that the parties may still be able to resolve this issue on their own. The plaintiff opposes this
13 motion, contending that he is willing to undergo a medical examination so long as the TCSO
14 defendants' examiner does not seek to embarrass or antagonize the plaintiff and does not inquire
15 into the facts pertaining to liability. Dkt. 78 at 2. The reply does not address the plaintiff's
16 condition that Dr. Vandenbelt be prohibited from asking questions pertaining to liability but
17 contends that "inquiry into any potential source of anxiety, trauma, stress, emotional distress, or
18 embarrassment" is relevant to determining the plaintiff's mental state. Dkt. 79.

## II. DISCUSSION

20   Federal Rule 26(a)(5) permits parties to obtain discovery by mental examinations. Federal
21 Rule 35(a) allows parties to move the court to order such an examination:

> When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

26 The moving party must therefore meet five criteria: (1) the mental condition of a party must be in
27 controversy; (2) the proffered examiner must be suitably licensed or certified; (3) there must be

good cause shown; (4) all parties and the person to be examined must receive notice; and (5) the order must specify the examiner and the time, place, manner, conditions, and scope of the examination.

### A. MENTAL CONDITION IN CONTROVERSY

The TCSO defendants contend that the plaintiff's mental condition is in controversy because he claims to be suffering from emotional distress. Dkt. 64 at 2. The plaintiff does not appear to contest that his mental state is in controversy, and the court should find that this element is satisfied.

### B. SUITABLY LICENSED OR CERTIFIED EXAMINER

The motion and response fail to address this prong of the analysis. There are numerous references to Dr. Vandenbelt in the motion, but there is no assertion that he is licensed or certified to conduct medical examinations. Dr. Vandenbelt's declaration, filed in support of the defendants' reply, demonstrates that Dr. Vandenbelt is a licensed physician and psychiatrist. Dkt. 80.

The motion also contends that the plaintiff has attempted to "unduly restrict Ms. Feldman-Summers' [sic] examination," but the motion, response, reply, and accompanying declarations do not explain who Ms. Feldman-Summers is or whether she is licensed or certified. The court should therefore find that this element is satisfied insofar as the TCSO defendants seek to have the plaintiff examined only by Dr. Vandenbelt.

### C. GOOD CAUSE

The TCSO defendants contend that there is good cause to order Mr. Quantz to undergo a mental examination by Dr. Vandenbelt because the plaintiff is claiming to be suffering from emotional distress and because it appears likely that the plaintiff will undergo a medical examination by an examiner of his choosing. Dkt. 64 at 6. The plaintiff does not contest that the defendants have shown good cause and appears willing to undergo a mental examination by Dr. Vandenbelt subject to certain limitations.

### D. NOTICE

Federal Rule 35(a) requires that all of the parties and the person to be examined must be given notice before the court may order a mental examination. As a party to the case, Mr. Quantz has received notice of this motion, and his attorney has conferred with counsel for the TCSO defendants regarding the requested medical examination. The court should therefore find that this element is satisfied.

**E. DETAILS OF EXAMINATION**

The final requirement of Federal Rule 35(a) is that the order ordering a person to submit to a medical examination "shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." The defendants' proposed order does not specify a time when the mental examination will occur, if ordered. With respect to the manner and conditions of the examination, the defendants propose that the examination last six hours; that the plaintiff be permitted to have one, nondisruptive observer; that the examination be audiotaped and that copies of the recording be provided to all counsel upon payment of a reproduction fee; that no other recording be permitted; and that Dr. Vandenbelt prepare a report to be used only for trial and trial preparation and not to be disseminated to any other person at any time for any reason. Dkt. 64-2. With respect to the scope of the examination, the defendants propose that the examination inquire only into the plaintiff's mental health and alleged emotional, mental, and psychological damage. *Id.*

The plaintiff urges the court to deny the defendants' motion outright and therefore does not explicitly propose a time when the examination may occur. *See* Dkt. 78-2. The plaintiff does contend that the examination should be limited to a history and clinical exam and that Dr. Vandenbelt should be required to notify Mr. Quantz and secure his prior consent to any tests to be performed. The defendants do not appear to contest this requirement, and Dr. Vandenbelt's declaration suggests that he is willing and able to disclose any tests to the plaintiff beforehand. Dkt. 80. The plaintiff also reiterates two conditions he sought to impose before this motion was filed:

First, he requests that Dr. Vandenbelt be prohibited from seeking to embarrass or

ORDER
Page - 4

1  antagonize him. In their reply, the TCSO defendants contend that Dr. Vandenbelt should be
2  permitted to inquire of subjects that may be embarrassing to Mr. Quantz. They do not appear to
3  argue that Dr. Vandenbelt should be permitted to seek to embarrass or antagonize Mr. Quantz.
4  Therefore, the parties appear to be in agreement as to this condition.

   Second, he requests that the doctor not be permitted to inquire into facts concerning liability. Dkt. 78 at 2. In his declaration, Dr. Vandenbelt contends that examining the plaintiff without inquiring into the events allegedly causing his injuries would be meaningless. Dkt. 80 at 3-4. Dr. Vandenbelt contends that inquiring into these matters is essential in order for him to form an opinion as to the cause of Mr. Quantz's injuries. *Id.* at 4. The plaintiff has not articulated why an examination into the events allegedly causing his injuries would be improper, and the plaintiff is free to contest the admissibility of Dr. Vandenbelt's testimony regarding such an inquiry if the defendants seek to offer such testimony. The court should therefore decline to impose this condition upon Dr. Vandenbelt's examination of the plaintiff.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Compel Plaintiff to Submit to a Mental Examination Pursuant to Fed. R. Civ. P. 35(a) (Dkt. 64) is **GRANTED**. Mr. Quantz is compelled to undergo a mental examination by Dr. Vandenbelt in Dr. Vandenbelt's office and at a mutually agreeable time. The manner, scope, and conditions of the examination shall be as follows: (1) the examination shall last no more than six hours; (2) the plaintiff shall be permitted to have one, nondisruptive observer; (3) the examination shall be audiotaped and copies of the recording shall be provided to all counsel upon payment of a reproduction fee; (4) no other recording shall be permitted; (5) Dr. Vandenbelt shall prepare a report to be used only for trial and trial preparation and such report shall not be disseminated to any other person at any time for any reason; (6) Dr. Vandenbelt shall disclose to the plaintiff any tests to be conducted on the plaintiff outside of the scope of determining the plaintiff's medical history and conducting a mental examination before conducting such tests; and (7) the purpose of this examination is not to embarrass or antagonize

1 | plaintiff.

2 |     The Clerk is directed to send uncertified copies of this Order to all counsel of record and
3 | to any party appearing *pro se* at said party's last known address.

4 |     DATED this 31st day of October, 2005.

*[signature: Robert J. Bryan]*

Robert J. Bryan
U.S. District Judge

ORDER
Page - 6