UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GLENN QUANTZ,

    Plaintiff,

v.

GARY EDWARDS, NEIL McCLANAHAN, RAY HANSEN, DAN KIMBALL, BRAD WATKINS, PAUL COUNTS, THURSTON COUNTY, WILLIAM "BILL" KENNY and DEFENDANT DOES 1 through 5,

    Defendants.

Case No. C04-5737RJB

ORDER

This matter comes before the court on the Motion and Memorandum for Summary Judgment on Behalf of Defendants Thurston County and William Kenny (Dkt. 86). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**I. BACKGROUND AND DISCUSSION**

This is a case brought against Thurston County ("the County"), William Kenny, and six other individual defendants (the six defendants). In his amended complaint, Mr. Quantz states claims for violations of his state and federal constitutional rights, wrongful discharge, and defamation. Dkt. 44. Defendant William Kenny counterclaims, requesting attorney's fees and

ORDER

Page - 1

costs under 42 U.S.C. § 1988 and RCW 4.84.185. Dkt. 60.

Defendants Mr. Kenny and Thurston County move for summary judgment on the grounds that the plaintiff cannot demonstrate that his constitutional rights were violated; that Mr. Kenny is entitled to qualified immunity; that Mr. Quantz is not entitled to recover damages for violations of rights arising under the Washington State Constitution; that Mr. Kenny was not Mr. Quantz's employer and therefore cannot be liable for constructive discharge; that Mr. Quantz's defamation claim is barred by the statute of limitations and lacks merit; that Mr. Quantz has not demonstrated a basis for imposing municipal liability under §1983; and that the requisite elements of wrongful discharge in violation of public policy are lacking. Mr. Kenny also moves for summary judgment on his counterclaim for attorney's fees and costs for defending against frivolous litigation because Mr. Quantz did not have a factual basis for bringing suit against Mr. Kenny. Finally, Mr. Kenny moves for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.

Mr. Quantz's response was due on December 5, 2005, but was filed on December 6. Dkt. 105. The response is over-length in violation of Local Rule CR 7(e)(3) and is accompanied by over 100 pages of declarations and exhibits. *See* Dkt. 103-106. The response also fails to comply with Federal Rule 56, which expressly provides that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Pro. 56(e). The response makes only one reference to the supporting documentation filed with the court and is almost completely devoid of any factual allegations. *See* Dkt. 105 at 16. The response states that "the facts asserted in the complaint and in the attached declarations and exhibits present genuine issues of material fact sufficient for the court to summarily reject the Defendants' motion." Dkt. 105 at 11. Asking the court to comb through the record to find factual support for the plaintiff's claims is insufficient to meet the responding party's burden under Federal Rule 56(e). In order for the court to decide the issues of the case on their merits and in the interest of fairness, the plaintiff should have an opportunity to file a supplemental response brief. Such brief shall include factual allegations, with citations to the

ORDER

Page - 2

record, supporting the plaintiff's claims and shall comply with local and federal rules.

## II. ORDER

Therefore, it is hereby

**ORDERED** that the plaintiff is permitted file a supplemental response brief that complies with the Local Rules and includes citations to the factual record and such brief shall be filed on or before December 12, 2005. The reply, if any, shall be due on December 16, 2005. The motion for summary judgment (Dkt. 86) is re-noted for consideration on December 16, 2005.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 7th day of December 2005.

/s/ Robert J. Bryan
Robert J. Bryan
U.S. District Judge