THE HONORABLE ROBERT J. BRYAN

J.D. Smith
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
One Union Square, 600 University Street
Suite 2100
Seattle, Washington 98101

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLENN QUANTZ,<br><br>            Plaintiff,<br><br>v.<br><br>GARY EDWARDS, DAN KIMBALL,<br>            Defendants. | NO. C04-5737 RJB<br><br>PRETRIAL ORDER |

**JURISDICTION**

1.   Jurisdiction is vested in this court by virtue of 28 U.S.C. §1331, as the plaintiff's claims arise under 42 U.S.C. §1983, and the First and Fourteenth Amendments to the United States Constitution.

2.   All defendants reside in the Western District of Washington. Plaintiff resides in the Western District of Washington.

**CLAIMS AND DEFENSES**

**A.   Plaintiff will pursue at trial the following claims:**

Plaintiff Quantz claims that Sheriff Edwards violated his right to Freedom of Speech pursuant to the Constitution of the United States by publicly announcing Deputy Quantz was under investigation and then delaying any such investigation until nearly seven (7) months later.

PROPOSED PRETRIAL ORDER - 1
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505 - FACSIMILE (206) 676-7575

Quantz claims that Captain Kimball violated his Constitutional right to Freedom of Speech by reassigning him to the SOR unit with full knowledge that this was a less desirable assignment. Quantz claims that Captain Kimball violated his Constitutional right to Freedom of Speech by ordering him not to speak to the press. Quantz claims that Captain Kimball violated his Constitutional right to Equal Protection by ordering him not to speak to the press. Quantz claims that including William "Bill" Kenny as a defendant was neither unreasonable or vexatious, nor did it multiply the proceedings in any way.

**B.     Defendants Edwards and Kimball will pursue at trial:**

The TCSO defendants will pursue the following affirmative defenses: privilege, qualified immunity, legitimate business decision, failure to state a claim upon which relief can be granted, and plaintiff's failure to mitigate alleged damages. The TCSO defendants further assert that plaintiff's own actions were the sole, proximate cause of his alleged damages. Defendant Gary Edwards intends to invoke his own First Amendment rights as a defense for any alleged comments made by him during the campaign. Defendant Edwards will further contend that alleged comments made by him during the campaign were made as a political candidate and not as a state actor.

**C.     Defendant William Kenny will pursue his counterclaim under 28 U.S.C. §1927 and RCW 4.84.185.**

This is a claim that the plaintiff's attorney multiplied the proceedings in this case unreasonably and vexatiously, in bad faith, causing excess costs and expenses to be incurred on behalf of Mr. Kenny. The parties have agreed to bifurcate this claim from the claims between plaintiff and defendants' Edwards and Kimball.

PROPOSED PRETRIAL ORDER - 2
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505 - FACSIMILE (206) 676-7575

## ADMITTED FACTS

The following facts are admitted by the parties:

1. The plaintiff was employed as a deputy of the Thurston County Sheriff's Office beginning in 1987 until July 2004.

2. Gary Edwards has been the elected Sheriff of Thurston County since 1987 and was the incumbent Sheriff in 2002. At all times relevant to this lawsuit, Dan Kimball was the Detectives Division Captain within the Operations Bureau of the Thurston County Sheriff's Office. Mr. Kimball is currently the Chief Criminal Deputy for the TCSO.

3. In the early 1990's, Mr. Quantz assisted in developing the Sex Offender Registration Unit ("SOR Unit"). At its inception, the SOR Unit contained two detectives. Plaintiff Glenn Quantz co-wrote the Manual with Lt. Edward Thompson that is used today at the Thurston County Sheriff's Office for the SOR Unit.

4. Mr. Quantz announced his candidacy for Thurston County Sheriff in October 2001.

5. Mr. Quantz prevailed in a contested September 2002 Democratic primary. Sheriff Edwards defeated Mr. Quantz in the November 2002 general election.

## CONTENTIONS OF THE PARTIES

**A. The plaintiff contends as follows:**

1. After Quantz announced his intent to run for Sheriff, Sheriff Edwards reported to the public that Quantz was under "Investigation," Edwards then delayed the Investigation Until after the election

PROPOSED PRETRIAL ORDER - 3
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505 - FACSIMILE (206) 676-7575

2. Soon after the election for Sheriff, and in retaliation for Quantz engaging in protected speech, Capt. Kimball reassigned Plaintiff to the SOR Unit with full knowledge that the Plaintiff and other officers found the assignment to be less desirable

3. After the election for Sheriff, Capt. Kimball ordered that Quantz not to speak with any members of the media under threat of immediate termination in retaliation for Quantz's run for Sheriff against Edwards

4. William "Bill" Kenny lacks any admissible evidence to even suggest that the Plaintiff's actions in naming him in this law suit were unreasonable and vexatious.

5. Actions taken on or after January 1, 2003 were taken in violation of plaintiff's Constitutional right to Freedom of Speech.

6. The defendants acted under color of law.

7. The plaintiff was damaged by suffering emotional distress as a result of the defendants' conduct.

**B.    The defendants contend as follows:**

1. At the time Quantz initially applied for employment with TCSO, he was required to complete written application forms which included questions about arrests, criminal prosecutions, and dispositions of the same. Documents within Quantz's criminal file directly contradicted information supplied by Quantz to TCSO investigators during his original employment application process in 1986 and 1987. In 2002, after Quantz had announced his intention to run for Sheriff, these discrepancies were revealed. They could not be readily evaluated and resolved as the original TCSO investigators were deceased or unavailable. The

PROPOSED PRETRIAL ORDER - 4
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505  -  FACSIMILE (206) 676-7575

discrepancies in the plaintiff's job application information gave the Sheriff's Office the right to investigate those matters.

2.  As the individual responsible for the day-to-day operations of the TCSO, Undersheriff Neil McClanahan deferred the internal investigation into apparent discrepancies in Quantz's application materials until after the 2002 election.

3.  Mr. Quantz had been the subject of several internal investigations in 2000 into conduct for which he was ultimately disciplined.

4.  Defendant Gary Edwards denies announcing that Quantz was 'under an internal investigation' by the TCSO during a campaign forum in August 2002.

5.  In 2002, Chief Deputy Ray Hansen and Captain Kimball determined the Sexual Offender Registration ("SOR") Unit case load was too much for one investigator to handle and that additional staffing was needed to address the backlog of cases.  Quantz was selected for the assignment because he was well-versed in the law and procedures, would not acquire additional training, and was not a special assignment detective.  Mr. Quantz's change of assignment within the Detective Division did not affect his status, title or base pay.  Mr. Quantz's SOR assignment was a legitimate business decision tied to public safety concerns and budgetary limitations; it was unrelated to the election.

6.  Pursuant to the Standard Operating Procedures of the TCSO, officers are prohibited from publicly commenting on assignments to the news media.  There are legitimate operational reasons for such a policy.  Following his assignment to SOR, Quantz was advised by defendant Kimball that he was not to publicly comment on his assignment to the news media.

PROPOSED PRETRIAL ORDER - 5
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505  -  FACSIMILE (206) 676-7575

Defendant Kimball did not give a blanket order prohibiting Quantz from having any contact with the press.

7.   At the end of 2002, there was only one detective in the SOR Unit.  Mr. Quantz's assignment to the SOR Unit brought that number back to two.  At the time of his assignment, Mr. Quantz was a general investigations detective.

*If a party or its witnesses introduce a topic which has been stricken from the parties' original proposed pretrial order, the opposing party retains the right to respond to that topic with witnesses and exhibits which were stricken from the original proposed pretrial order.*

*The parties have not been able to reach agreement on a stipulation which summarizes the history leading to the decision to delay the internal investigation of the allegation that the plaintiff made false statements in his employment application with the Thurston County Sheriff's Office. Accordingly, an instruction which provides such a summary would be appropriate.*

## ISSUES OF LAW

**A.   Plaintiff's submission.   The following are plaintiff's submission as to the issues of law to be determined by the Court:**

1.   Did the defendants deprive the plaintiff of rights or privileges secured by the Constitution of the United States.

2.   Is the evidence sufficient to establish "personal participation" of the defendants in acts that deprived the plaintiff of rights secured by the Constitution of the United States.

3.   Does the plaintiff have federally protected rights in relation to the acts of the defendants which he alleges caused him harm.

4.   Are the defendants entitled to qualified immunity from suit.
PROPOSED PRETRIAL ORDER - 6
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505  -  FACSIMILE (206) 676-7575

5. Does the plaintiff have sufficient evidence of legally compensable economic damages.

6. Does the plaintiff have sufficient evidence of legally compensable emotional distress.

**B. Defendants' submission. The defendants contend that the issues of law as submitted by the plaintiff do not reflect the CR 56 rulings and voluntary dismissals from this case. The following are defendants' submission as to the issues of law to be determined by the Court:**

1. Did Gary Edwards violate Quantz's First Amendment right to Freedom of Speech by allegedly making a public announcement referencing an investigation after the decision had been made to defer any internal investigation until the election was over?

2. Did Dan Kimball violate Quantz's First Amendment right to Freedom of Speech by reassigning him to the SOR Unit?

3. Did Dan Kimball violate Quantz's First Amendment right to Freedom of Speech by ordering him not to publicly comment on his assignment to the news media?

4. Did Dan Kimball violate Quantz's Fourteenth Amendment right to Equal Protection by ordering him not to speak to the press about the reassignment to SOR?

5. Are the TCSO defendants entitled to qualified immunity from suit?

**WITNESSES**

The names and addresses of witnesses to be used by each party at the time of trial and the general nature of the testimony of each are:

A. On behalf of plaintiff:

1. Glenn Quantz
c/o J.D. Smith

PROPOSED PRETRIAL ORDER - 7
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505 - FACSIMILE (206) 676-7575

Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, LLP

As the plaintiff in this matter, Glenn Quantz has knowledge of all aspects of this matter. Glenn Quantz will testify as to matters of his protected speech. Glenn Quantz will testify to reassignment into the SOR. Glenn Quantz will testify to the gag order with regards to news media.

2. Edward E. Thompson
c/o J.D. Smith
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, LLP

Edward Thompson will testify as to a public statement made by Gary Edwards at the Kiwanis club during the campaign of 2002. (Edward Thompson will testify as to his opinions regarding working in the SOR unit.)

*Defendants believe that the non-disclosure of Mr. Thompson as a witness with opinions regarding working in the SOR unit precludes him from testifying to that matter.*

3. Judy Wilson
c/o Thurston County Commissioners Office

Judy Wilson will testify as to a public statement made by Gary Edwards at the Kiwanis club during the course of the 2002 campaign.

4. David Odegaard
c/o Thurston County Sheriff's Office

David Odegaard will testify regarding the time frame involved with the IA #03-5.

*Defendants believe the effect of the Court's rulings requires Mr. Odegaard to be stricken as a witness.*

5. Dan Kimball
c/o Cable, Langenbach, Kinerk & Bauer

PROPOSED PRETRIAL ORDER - 8
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505 - FACSIMILE (206) 676-7575

Dan Kimball will testify as to his retaliatory reassignment of Glenn Quantz to SOR. Dan Kimball will testify as to his blanket gag order upon Glenn Quantz as to the news media. Dan Kimball will testify as to the failure to provide Glenn Quantz with Equal Protection as mandated under the Fourteenth Amendment.

6.  Gary Edwards
    c/o Cable, Langenbach, Kinerk & Bauer

Gary Edwards will testify to a public statement he made at the Kiwanis club during the course of the campaign. Gary Edwards will testify as to his intentional delay of the IA #03-5.

7.  Neil McClanahan
    c/o Cable, Langenbach, Kinerk & Bauer

Neil McClanahan will testify to his personal involvement in both the delay in the Internal Affairs investigation and the reassignment of Glenn Quantz to the SOR.

8.  Ray Hansen
    c/o Cable, Langenbach, Kinerk & Bauer

Ray Hansen will testify as to his personal involvement in both the delay in the IA #03-5 and the reassignment of Glenn Quantz to the SOR.

9.  William "Bill" Kenny
    c/o W. Dale Kamerrer

William "Bill" Kenny will testify as to his personal involvement with the delay in conducting the IA #03-5.

10. Captain. Annette Louie
    c/o King County Sheriff's Office

Captain Annette Louie may testify as a rebuttal witness.

PROPOSED PRETRIAL ORDER - 9
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505  -  FACSIMILE (206) 676-7575

*Defendants believe the effect of the Court's rulings requires Captain Louie to be stricken as a witness.*

  11. Dr. William Newmann
    c/o Group Health Medical Center
    Olympia, Washington

Dr. Newmann will testify as to his care and treatment of plaintiff's stress related ailments relating to the defendants' actions.

  12. John Moss, PA-C
    c/o Group Health Medical Center
    Olympia, Washington

John Moss will testify as to his care and treatment of plaintiff's stress related ailments relating to the defendants' actions.

  13. Mark Thompson
    c/o Thurston County Prosecutor's Office
    Olympia, Washington

Mark Thompson will testify as to his professional working relationship with Glenn Quantz. Mark Thompson will testify as to how many cases Glenn Quantz worked on as a Detective that he prosecuted. Mark Thompson will testify as to the conviction rate of these cases.

*Defendants believe Mr. Thompson has been stricken as a witness by the Court. Also, the matters stated have not been previously disclosed as matters to which Mr. Thompson would testify.*

PROPOSED PRETRIAL ORDER - 10
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505 - FACSIMILE (206) 676-7575

**B.     On behalf of the defendant:**

The following are persons who might be called by the TCSO defendants in their case in chief. The TCSO defendants reserve the right to call additional persons to rebut the testimony of plaintiff or his witnesses.

1.     Gary Edwards (c/o Colleen Kinerk, Cable Langenbach Kinerk & Bauer LLP, 1000 Second Avenue, Suite 3500, Seattle, WA 98104, (206) 292-8800) – Sheriff Edwards will testify as his concurrence with Undersheriff McClanahan's decisions with respect to the internal investigation of Mr. Quantz. Will Testify.

2.     Dan Kimball (c/o Colleen Kinerk, Cable Langenbach Kinerk & Bauer LLP, 1000 Second Avenue, Suite 3500, Seattle, WA 98104, (206) 292-8800) – As then Detective Division Captain, Mr. Kimball will testify about his decisions relating to plaintiff's re-assignment to the Sexual Offender Registration Unit ("SOR Unit") in 2002 and regarding his conversation with Glenn Quantz regarding news media contacts. Will Testify.

3.     Neil McClanahan (c/o Colleen Kinerk, Cable Langenbach Kinerk & Bauer LLP, 1000 Second Avenue, Suite 3500, Seattle, WA 98104, (206) 292-8800) – Undersheriff. McClanahan will testify about his decisions relating to the internal investigation of Mr. Quantz. Will Testify.

4.     Ray Hansen (c/o Colleen Kinerk, Cable Langenbach Kinerk & Bauer LLP, 1000 Second Avenue, Suite 3500, Seattle, WA 98104, (206) 292-8800) – Mr. Hansen will testify about his decisions concerning staffing needs within the Thurston County Detectives Division.

PROPOSED PRETRIAL ORDER - 11
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505  -  FACSIMILE (206) 676-7575

5. Brad Watkins (c/o Colleen Kinerk, Cable Langenbach Kinerk & Bauer LLP, 1000 Second Avenue, Suite 3500, Seattle, WA 98104, (206) 292-8800) – Mr. Watkins may testify about his input concerning staffing needs within the Thurston County Detectives Division. Possible Witness Only

6. William Kenny (c/o Dale Kamerrer, Law Lyman Daniel Kamerrer & Bogdanovich PS, 2674 R.W. Johnson Road, Tumwater, WA 98512)  Mr. Kenny will testify about his input concerning the internal investigation of Mr. Quantz. Possible witness only.

7. Darryl Lieschner (c/o Thurston County Sheriff's Office, 2000 Lakeridge Drive SW, Olympia, WA 98502, (360) 786-5500) – Mr. Lieschner will testify about the state of the SOR Unit from 1996 to the present. Will Testify.

8. Glenn Quantz (c/o JD Smith, Gordon Thomas Honeywell Malanca Peterson & Daheim LLP, 600 University Street, Suite 2100, Seattle, WA 98101, (206) 676-7500)

**EXHIBITS**

**(a)   Admissibility Stipulated**

Plaintiff's Exhibits

1. Thurston County/Thurston County Deputy Sheriff's Association Collective Bargaining Agreement 2002-2004. (GQTCS 03222 – GQTCS 03452).

2. Copy of the Thurston County Policy Manual. (GQTCS 00991 – GQTCS 01509)

**(b)   Authenticity stipulated, admissibility disputed**

Plaintiff's Exhibits

PROPOSED PRETRIAL ORDER - 12
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505  -  FACSIMILE (206) 676-7575

3. One sheet letter head from Thurston County Sheriff's Office dated March 11, 2003 that reads: INTERNAL INVESTIGATION IA #03-5 Falsification of Employment Application.

*The defendants believe this exhibit has been ruled inadmissible by the Court.*

4. Declaration of William Kenny In Support of Motion for Summary Judgment dated the 27th of April 2005.

11. Thurston County Sheriff's Office Evaluations for Glenn Quantz for 2000; 2001; 2002; and 2003. (GQTCS 01755 – 01806).

*The defendants believe this exhibit has been ruled inadmissible by the Court.*

**(c)   Authenticity and admissibility disputed**

Plaintiff's Exhibits

12. Email from David Klumpp to Mark Makler dated September 9, 2003. Subject: Glenn Quantz IA Report.

*The defendants believe this exhibit has been ruled inadmissible by the Court.*

13. Internal Investigations Follow-Up Report from the King County Sheriff's Office dated July 17, 2003. (GQTCS 00391 – GQTCS00406)

*The defendants believe this exhibit has been ruled inadmissible by the Court.*

20. Nine page Internal Investigations Unit Interview Transcription Report of an interview with D.P.A. Mark Thompson dated July 21, 2003. (GQTCS 00093 –00101).

*The defendants believe this exhibit has been ruled inadmissible by the Court.*

24. Copy of Gary Edwards, Thurston County Sheriff Total Contributions: $56,221 (as of 10/21/02).

PROPOSED PRETRIAL ORDER - 13
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505  -  FACSIMILE (206) 676-7575

*The defendants believe this exhibit has been ruled inadmissible by the Court.*

25.  Copy of Exit Interview Questionnaire.  (GQTCS 01629 – 01636).

*The defendants believe this exhibit has been ruled inadmissible by the Court.*

Defendants' Exhibits

A-10.  May 25, 2000 Oral Reprimand from Neil McClanahan Re: Internal Investigation #00-06. (GQTCS 00407)

A-11.  May 25, 2000 Written Reprimand from Neil McClanahan Re: Internal Investigation #00-07. (GQTCS 00622)

A-12.  July 12, 2000 Written Reprimand from Neil McClanahan Re: Internal Investigation #00-09. (GQTCS 01535-01536)

A-13.  December 20, 2002 email from Ray Hansen to "Sheriff_all" re: Reassignment of Duties and Personnel. (GQTCS 01512-01513)

A-14.  December 20, 2002 email from Dan Kimball to "Sheriff_all" re: Transfer Assignments within Detective Division. (GQTCS 01514)

A-28.  Excerpts of article from the Tacoma News Tribune dated August 19, 2002 entitled: *2 vie for boss's job in sheriff election* authored by Cecilia Nguyen (GQTCS 03128).

## ACTION BY THE COURT

(a)  This case is scheduled for trial before a jury on February 21, 2006 at 9:30 a.m.

(b)  Trial briefs shall be submitted to the court on or before February 10, 2006.

(c)  Jury instructions requested by either party shall be submitted to the court on or before February 15, 2006.  Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before February 10, 2006.

PROPOSED PRETRIAL ORDER - 14
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 447-9505  -  FACSIMILE (206) 676-7575

(d) This action is also subject to the Court's Order *Granting in Part and Denying in Part Gary Edwards's and Dan Kimball's Motions for Summary Judgment and Granting Neil McClanahan's and Ray Hansen's Motions for Summary Judgment* (Docket No. 128) and any rulings on the parties' motions in limine issued by the Court in Dkt. #164 and Dkt. #165.

(e) Following the Pre-Trial Conference on February 10, 2006, the parties have revised this Proposed Pre-Trial Order, and resubmit it to the Court for consideration.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order of the court. Pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 21st day of February 2006.

_____
ROBERT J. BRYAN
United States District Judge

PROPOSED PRETRIAL ORDER - 15
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505 - FACSIMILE (206) 676-7575

1  FORM APPROVED:

2  Gordon, Thomas, Honeywell, Malanca,
   Peterson & Daheim, L.L.P.
3

4
   _____/s/_____
5  By: J.D. Smith, WSBA #28246
   Attorneys for Plaintiff
6

7

8  Cable, Langenbach, Kinerk & Bauer

9

10 _____/s/_____
   By:  Colleen Kinerk, WSBA #7676
11         Steve Kerr, WSBA #31518
   Attorneys for Defendants Gary Edwards
12 And Daniel Kimball

13

14
   Law Lyman Daniel Kamerrer & Bogdanovich
15

16

17 _____/s/_____
   By:  W. Dale Kamerrer, WSBA #8218
18 Attorneys for William Kenny, Daniel
   Kimball and Gary Edwards
19

20

21

22

23

24

25

26

PROPOSED PRETRIAL ORDER - 16
(C04-5737 RJB)
(quantz.pretrial.ord.doc)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM, P.L.L.C.
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 447-9505  -  FACSIMILE (206) 676-7575